**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

OUIDA COURSON,                                                                                    PLAINTIFF

v.                                    Civil Action No.:        3:17-cv-00186-MPM-RP

CORDIS CORPORATION, *et al*.,                                                            DEFENDANTS

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This cause comes before the Court on two motions: (1) Defendant Confluent Medical Technologies, Inc.'s (hereafter "Confluent") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2); and (2) Defendant Cordis Corporation's (hereafter "Cordis") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). However, in the event that Confluent's 12(b)(2) motion is denied by this Court, Confluent joins and adopts Cordis's 12(b)(6) motion to dismiss all claims asserted in Ouida Courson's ("Plaintiff") complaint. Plaintiff has requested leave to amend the complaint if this Court finds any of the causes of action were insufficiently plead. After review of the relevant documents filed by both parties and the pertinent law, the Court finds that the 12(b)(2) and 12(b)(6) motions should be denied, and that Plaintiff should be given leave to amend her complaint.

### I.   FACTUAL BACKGROUND

Plaintiff is the surviving spouse and proposed administrator of the estate of Jack Wade Courson ("Decedent"). As an alleged Mississippi resident, Plaintiff filed suit against three nonresident corporate defendants; Cordis, Confluent, and Johnson & Johnson[1].

---

[1] Johnson & Johnson ("J & J") was the only party to file an Answer in response to Plaintiff's Complaint. J & J's 152 page answer contains 40 affirmative defenses, including an affirmative defense stating, "J & J hereby gives notice that it intends to rely upon and incorporate by reference any affirmative defenses that may be asserted by any co-Defendant in this lawsuit." J & J has not filed its own motion.

On or about January 18, 2011, Plaintiff alleges that Decedent was implanted with a Cordis TrapEase™ inferior vena cava ("IVC") filter for the treatment and prevention of Decedent's deep vein thrombosis and pulmonary embolism. The Court presumes that Plaintiff knows when Decedent received the implant or died and it would be helpful if the parties would use dates certain when such knowledge is not in dispute. However, since the Plaintiff has used the term "on or about" throughout the pleadings, the Court will likewise wander with some uncertainty through the legal conundrums alleged and exposed herein. The surgical procedure to implant the IVC filter took place at Baptist Memorial Hospital located in Oxford, Mississippi. Plaintiff also alleges that Decedent suffered from a hemorrhage sometime in 2012; and, on or about August 5, 2014, Decedent ultimately passed away from respiratory failure and was diagnosed with prostate cancer at the time.

On September 22, 2017, Plaintiff brought a complaint seeking damages alleging the IVC filter was defective, resulting in hemorrhaging, respiratory issues, and weakened overall health of the Decedent prior to his death. As a result, Plaintiff alleges that all the Defendants participated in the design, fabrication, and marketing of the IVC filter.

Cordis seeks to dismiss this action in its entirety for failure to state a claim upon which relief can be granted. Cordis argues that Plaintiff's complaint fails to allege any sufficient causal allegations to present a plausible, non-speculative claim connecting Decedent's death to a specific defect in the design, manufacture, or warnings relating to the IVC filter. Confluent joined in and adopted Cordis' motion to dismiss for all purposes. Alternatively, Plaintiff requests leave to amend her complaint under Rule 15(a)(2) should the Court find it necessary to do so. Cordis asks the Court not to exercise its discretionary power under Rule 15(a)(2) and to deny Plaintiff's request to amend.

## II. LEGAL STANDARDS

### A. Rule 12(b)(2) Motion to Dismiss

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F.Supp.2d 553, 556 (N.D.Tex.2003) (citing *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir.1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d. 528 (1985).

1. The Long-Arm Statute

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir.1993). However, "Mississippi's long arm-statute is not

coextensive with due process." *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 869 n. 7 (5th Cir.2000). Mississippi's long-arm statute states in pertinent part:

> [a]ny nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57 (2002). This statute consists of three prongs: (i) the contract prong; (ii) the tort prong; and (iii) the doing-business prong. *See Walker v. World Ins. Co.*, 289 F.Supp.2d 786, 788 (S.D.Miss.2003). The tort prong of the long-arm statute confers personal jurisdiction over "[a]ny nonresident person ... who shall commit a tort in whole or in part in this state against a resident or nonresident of this state ...." Miss.Code Ann. § 13-3-57. Under Mississippi law, a tort is not complete until an injury is suffered. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1168 (5th Cir.1985) (quoting *Smith v. Temco, Inc.*, 252 So.2d 212, 216 (Miss.1971). If the injury occurs in Mississippi, the tort is committed, at least in part, in the state, and the requirements of the long-arm statute are satisfied. *Id.* The tortfeasor's presence in Mississippi is not required; causing an injury that occurs in the state is sufficient. *Id.* (quoting *Brown v. Flowers Indus, Inc.*, 688 F.2d 328, 333 (5th Cir.1982))

   2. Constitutional Due Process

Due process requires that a defendant "have certain minimum contacts with ... [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citations and internal quotation marks omitted). The defendant's minimum contacts may give rise to general or specific personal jurisdiction. *See Luvn' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir.2006). "Where the plaintiff alleges specific jurisdiction, as here, due process requires (1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir.2013) (citation omitted), *cert. denied*, 134. S.Ct. 644 (2013). For general jurisdiction to exist, the defendant must possess "'continuous and systematic' contacts with the forum state." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir.2013) (quoting *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir.1990)).

### B. Rule 12(b)(6) Motion to Dismiss

The court must determine whether Plaintiff's complaint satisfies the general Rule 8 pleading standards and the particularity requirements of Rule 9(b). The review of a motion to dismiss under Rule 12(b)(6) requires the court to accept all well pleaded facts as true and construe them in a light most favorable to the plaintiff. *Lone Star Fund V(US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010). A plaintiff must defeat a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) by pleading "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. It is not necessary that a complaint contain detailed factual allegations but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir.2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Additionally, any claims rooted in fraud or misrepresentation must meet the particularity requirements of Rule 9(b). *Lone Star Fund*, 594 F.3d at 387. Under Rule 9(b), the Fifth Circuit requires the pleadings set forth the time, place, and contents of the false representations as well as the identity of the person who made them. *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir.1997). *See also United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180 (5th Cir.2009). In other words, the 'who', 'what', 'when' and 'where' of the alleged fraud must be laid out before access to the discovery process is granted. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 207 (5th Cir.2009) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir.1997)).

### III. <u>CONCLUSIONS OF LAW</u>

**A. Confluent Medical Technologies, Inc.'s Rule 12(b)(2) Motion**

Defendant Confluent moves this Court to dismiss Plaintiff's claims against it for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Confluent argues that it does not have the sufficient minimum contacts with Mississippi necessary to allow this Court to exercise jurisdiction—general or specific—over it. Confluent also argues that Mississippi's long-arm statute does not confer personal jurisdiction because Confluent claims that it has not entered into a contract with any Mississippi resident to be performed in whole or in part in Mississippi; it has

not done business or performed any character of work or service in Mississippi sufficient to ground jurisdiction; and it has not committed a tort in whole or in part in Mississippi.

Confluent has submitted an affidavit from plant controller, Jorge Kau, which states in pertinent part:

- "Confluent is a Delaware corporation with its principal place of business in Fremont, California." (Kau Aff. [24-1] at ¶ 1.)

- Confluent manufactures nitinol component parts for Cordis's IVC filters. Confluent sells these component parts directly to Cordis and ships them to Juarez, Mexico. (Kau Aff. [24-1] at ¶ 2.)

- "Confluent receives no information as to the ultimate destinations of the IVC filters after the component parts are integrated into the final product sold by Cordis." (Kau Aff. [24-1] at ¶ 2.)

- "Confluent has never been licensed to do business in Mississippi and does not have a registered agent for service of process there." (Kau Aff. [24-1] at ¶ 2.)

- "Confluent does not sell, distribute, or manufacture nitinol components for IVC filters in Mississippi." (Kau Aff. [24-1] at ¶ 2.)

- "Confluent does not know where Cordis markets and sells its IVC filters." (Kau Aff. [24-1] at ¶ 3.)

This case involves a product sold or manufactured by a Defendant. In such cases, the Fifth Circuit has "consistently followed a 'stream-of-commerce' approach to personal jurisdiction, under which the minimum contacts requirement is met so long as the court 'finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state.'" *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177

(5th Cir.2013) (footnote omitted). The Court finds that, "[u]nder that test, 'mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce,' but the defendant's contacts must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.'" *Id.* (footnotes omitted).

Confluent manufactured the nitinol components for Cordis's IVC filters with the intention that they would be purchased by or used by consumers throughout the United States, including Mississippi. Confluent should have foreseen its product would make its way into Mississippi while in the stream of commerce and may not allege ignorance to avoid being haled into court in the forum state. In addition, we find the tort prong of the Mississippi long-arm statute to be satisfied since the Plaintiff claims the IVC filter caused harm to the Decedent in Mississippi due to allegedly defective manufacturing. Therefore, the motion to dismiss for lack of personal jurisdiction is denied.

### B. Cordis Corporation's Rule 12(b)(6) Motion

Defendant Cordis moves to dismiss the Plaintiff's complaint in its entirety for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Defendant Confluent joins and adopts this motion submitted by Cordis. Plaintiff asserts thirteen causes of action against the Defendants including prayers for relief for punitive damages.

Cordis argues that Plaintiff's claims for strict liability (Counts I-III), negligence (Count IV), negligent and fraudulent misrepresentation (Counts V and VI), fraudulent concealment (Count VII), and breach of implied warranty (Count IX) are common law claims subsumed by the Mississippi Products Liability Act (MPLA) and should therefore be dismissed as they seek to impose liability outside the MPLA's framework. The MPLA governs "any action for damages

caused by a product, including but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty…." *See* Miss.Code Ann. § 11-1-63(a)(i)1-(i)(4). However, Cordis argues that Plaintiff's claims fail as a matter of law even if the claims are construed under the MPLA for the following reasons: Counts I-III fail to allege Cordis's product was the cause of the plaintiff's injuries; Counts V-VII do not satisfy Rule 9(b)'s heightened pleading standards; Plaintiff's breach of express warranty claim (Count VIII) fails to allege any specific representation that defendants made and breached; and Count IX fails to allege that Plaintiff provided pre-suit notice to Cordis.

This Court finds that Plaintiff only made conclusory allegations regarding Counts I-III as the complaint fails to allege any causal nexus between a defect in the IVC filter and the decedent's injuries or ultimate death. Additionally, Counts V-VII do not satisfy the Rule 9(b) pleading standards because Plaintiff's averment to fraud does not address the "who, what, when, and where" with the particularity Rule 9(b) requires. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). To meet Rule 9(b)'s standard, Plaintiff's pleadings must set out the time, place, and contents of the false representations as well as the identity of the person who made them. *Id*.

C. **Leave to Amend Complaint**

Plaintiff requests this Court to invoke Rule 15(a)(2) for leave to amend the complaint if this Court finds any of the causes of action in the complaint to have been insufficiently plead. It is incumbent on this Court to freely grant leave to amend when justice so requires, for "the touchstone for denial of leave to amend under Rule 15(a) is prejudice." *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015) (citing *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001)). District Courts therefore need a substantial reason to deny a party the opportunity to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir.2004).

Despite the fact this Court can dismiss a claim without giving the opportunity to amend, it should do so only if the defect in question is incurable or the party has repeatedly failed to cure when given opportunities to do so. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir.2000). As the Fifth Circuit Court of Appeals has stated, "[t]he cry of pleading technicalities must be put in perspective." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Importantly, allowing Plaintiff to amend her complaint would not prejudice Defendant because the Court has yet to set any deadlines in this case.

## IV.  CONCLUSION

Upon consideration of the pleadings and relevant law, the Court finds that Plaintiff falls short of meeting the pleading standards required to state a claim for relief that is plausible on its face. The Court does not, however, find dismissal of the suit appropriate, but instead is persuaded to grant Plaintiff leave to amend her Complaint. Accordingly, it is hereby

ORDERED that Confluent's Rule 12(b)(2) and Cordis's Rule 12(b)(6) motions to dismiss are DENIED. It is further,

ORDERED that Plaintiff's request for leave to amend is GRANTED and that she will be given 30 days from entry of this order in which to file an amended Complaint.

SO ORDERED this the 20th day of June, 2018.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE NORTHERN
DISTRICT OF MISSISSIPPI